UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GEORGE YEATON, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:04-cr-00123-GZS |
| | ) | 2:16-cv-00333-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Following the First Circuit's grant of leave to file a second or successive motion,

Petitioner George Yeaton, III, moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or

correct his sentence. (Motion, ECF No. 38; *Yeaton v. United States*, No. 16-1667 (1st Cir.

June 21, 2016).)[1]   After a guilty plea, Petitioner was convicted of being a felon in

possession of a firearm; the Court found Petitioner to be an armed career criminal, pursuant

to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1).  The Court sentenced

Petitioner to 400 months in prison.  (Judgment, ECF No. 32 at 1-2.)

In his pending section 2255 motion, Petitioner challenges his sentence based on

*Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (*Johnson II*).[2]  He argues that

---

[1] The First Circuit ordered the transfer of Petitioner's filings to the district court for filing as a
28 U.S.C. § 2255 motion.  (*Yeaton v. United States*, No. 16-1667 (1st Cir. June 21, 2016).)  The transferred
filings are docketed in this Court as ECF No. 38.

[2] *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (*Johnson II*), concerned petitioner Samuel
James Johnson.  An earlier Supreme Court case by the same name, *Johnson v. United States*, 559 U.S. 133
(2010) (*Johnson I*), is discussed below, and concerned petitioner Curtis Darnell Johnson.

his two prior Maine burglary convictions do not qualify as ACCA predicate offenses following *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016). (Reply, ECF No. 45.) He also argues that his two prior Maine robbery convictions and his prior Maine conviction for terrorizing with a dangerous weapon do not qualify as ACCA predicates under the "force clause," section 924(e)(2)(B)(i). (*Id.*)

Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I recommend that the Court deny Petitioner's section 2255 motion, but that the Court grant a certificate of appealability as set forth below.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in December 2004 for being a felon in possession of a firearm, pursuant to 18 U.S.C. §§ 922(g)(1), 924(e). (Indictment, ECF No. 1.) The indictment alleged several prior Maine state felony convictions, including the following: a 1986 robbery conviction (No. CR-85-350, Me. Super. Ct., Oxford Cty., Jan. 15, 1986); a 1988 terrorizing conviction (No. CR-87-589, Me. Super. Ct., Ken. Cty, Jan. 20, 1988); a 1989 robbery conviction (No. CR-89-78, Me. Super. Ct., And. Cty., Feb. 9, 1989); a 1994 burglary conviction (No. CR-94-167, Me. Super. Ct., Oxf. Cty., Nov. 2, 1994); and a 1998 burglary conviction (No. CR-97-716, Me. Super. Ct., And. Cty., Apr. 6, 1998).[3] (*Id.* at 1-2.)

---

[3] The federal indictment lists the 1986 conviction (No. 85-350, Me. Super. Ct., Oxf. Cty., Jan. 15, 1986) as a robbery. (Indictment, ECF No. 1 at 1.) The Court found the facts as stated in the revised presentence investigation report, which lists the 1986 conviction as a burglary conviction. (Sentencing Tr., ECF No. 36 at 90.) The Government represents that although burglary was one of the three offenses charged in 1986, the offense of conviction was robbery. (Response, ECF No. 44 at 3, 6 & n.3; Attachment, Judgment and Commitment, ECF No. 44-1 at 1.) Petitioner agrees that the 1986 conviction was for robbery. (Reply, ECF No. 45 at 1; Attachment, ECF No. 45-1.)

Petitioner pled guilty to the felon-in-possession charge in February 2005. (Minute Entry for Change of Plea Hearing, ECF No. 19.) At sentencing, the Court found the facts as set forth in the revised presentence investigation report, and the Court's sentencing guidelines calculations were as follows: The base offense level was 24, pursuant to USSG § 2K2.1(a)(2), because Petitioner had two prior felony violent crimes. (Sentencing Tr., ECF No. 36 at 90.) The revised presentence investigation report lists the robbery and burglary convictions identified above as the prior convictions on which the application of section 2K2.1(a)(2) was based.

The Court concluded that the total offense level was 41, based on the following: four levels were added to the base offense level, pursuant to USSG § 2K2.1(b)(5), because Petitioner possessed the firearm in connection with another felony offense, namely, gross sexual assault; the offense level was raised to 40, pursuant to USSG §§ 2K2.1(c)(1)(A), 2X1.1, based on the application of the base offense level for the substantive offense of gross sexual assault; two levels were added, pursuant to USSG § 3D1.4, to determine the combined offense level; two levels were added, pursuant to USSG § 3A1.3, because the victims were physically restrained with duct tape or rope during the offense; and three levels were subtracted, pursuant to USSG § 3E1.1, for acceptance of responsibility. (*Id.* at 90-92.) The Court determined, pursuant to USSG § 4B1.4(b)(1), that because the total offense level of 41, which was applicable under Chapter Two of the Guidelines, was higher than the level that would apply under the armed career criminal provisions, the higher offense level of 41 applied. (*Id.* at 92.)

The Court found Petitioner to be an armed career criminal, pursuant to 18 U.S.C. § 924(e), and the Court found a criminal history category of VI. (*Id.* at 92-93.) The Court concluded that a total offense level of 41, combined with a criminal history category of VI, resulted in a sentencing guidelines range of 360 months to life imprisonment. (*Id.* at 93.)

The Court next considered all of the sentencing factors, pursuant to 18 U.S.C. § 3553(a). The Court focused particularly on the need for just punishment, deterrence, public protection, and rehabilitation. (*Id.* at 93.) The Court ordered the 400-month sentence to run concurrently with any undischarged term of imprisonment imposed in state court, pursuant to USSG § 5G1.3(b)(2). (*Id.* at 95-96.) The Court also imposed a term of five years of supervised release. (*Id.* at 96; Judgment at 3.)

In 2007, the Court dismissed Petitioner's prior section 2255 motion as untimely. *Yeaton v. United States*, No. 2:06-cv-00138-GZS (Recommended Decision, ECF No. 21; Order Affirming, ECF No. 22.) In June 2016, the First Circuit granted Petitioner's application for leave to file a second or successive section 2255 motion, based on *Johnson II*. (*Yeaton*, No. 16-1667 (1st Cir. June 21, 2016).) The First Circuit stated: "The application is granted, but we express no opinion as to the ultimate merit of the claim." (*Id.*) The First Circuit ordered that upon transfer of Petitioner's filings to this Court, the motion be deemed filed in this Court on May 19, 2016, which was the date on which Petitioner filed in the First Circuit. (*Id.*)

## II.   DISCUSSION

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).  Petitioner argues that the sentence is unconstitutional under *Johnson II*, that his ACCA status therefore must be re-established under current law, and that his prior burglary and robbery convictions do not qualify under current law as ACCA predicate violent felonies.[4]

In *Johnson II*, the Supreme Court "struck down the 'residual clause' of the [ACCA] as unconstitutionally vague."[5]  *Pakala v. United States*, 804 F.3d 139, 139 (1st Cir. 2015)

---

[4] It is undisputed that all of the prior crimes at issue qualify as felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1); the issue is whether they qualify as ACCA violent felonies.  The prior crimes were felonies because they were "punishable by imprisonment for a term exceeding one year," pursuant to 18 U.S.C. § 924(e)(2)(B).  According to the revised presentence investigation report, Petitioner committed the felonies from 1985 to 1997.  Although the Maine statute that sets forth the terms of imprisonment for various classes of crimes, 17-A M.R.S. § 1252(2), was amended during the time relevant to Petitioner's offenses, the amendment did not alter the ACCA felony status of any of Petitioner's prior crimes.

[5] In *Johnson II*, the Supreme Court explained:

Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. [18 U.S.C. § 922(g)]. In general, the law punishes violation of this ban by up to 10 years' imprisonment. [18 U.S.C. § 924(a)(2)]. But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); [*Johnson I*, 559 U.S. at 136]. The Act defines "violent felony" as follows:

"any crime punishable by imprisonment for a term exceeding one year . . . that—

(per curiam).  The Supreme Court, however, explicitly limited its holding in *Johnson II* to exclude claims based on challenges to "the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Johnson II*, 135 S. Ct. at 2563.  Thus, the enumerated crimes clause of section 924(e)(2)(B)(ii), as well as the force clause, section 924(e)(2)(B)(i), remain valid after *Johnson II*.

Although the substance of Petitioner's argument is based on the enumerated crimes clause and the force clause, Petitioner argues preliminarily that his motion is timely under section 2255(f)(3), notwithstanding the Supreme Court's decision in *Johnson II* that the holding excludes claims that are based on the enumerated crimes and force clauses of section 924(e)(2)(B).[6]  (Reply at 2-3, 18.)   Petitioner argues essentially that after

---

"(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

"(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).

The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson II*, 135 S. Ct. at 2555-56.  The Court held that the residual clause is unconstitutionally vague.  *Id.* at 2557.  In *Welch v. United States*, --- U.S. ---, ---, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "*Johnson[II]* announced a substantive rule that has retroactive effect in cases on collateral review."

[6] Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of −

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

*Johnson II*, his prior crimes may not be considered ACCA predicates under the residual clause, and, therefore, the prior crimes must be re-established as ACCA predicates under either the enumerated crimes clause or the force clause, as interpreted under current law. (Reply at 2-3, 18.)  He contends that, following *Mathis*, he lacks the requisite three ACCA predicate violent felonies.[7]

### A.  The Maine burglary convictions

Two of the prior convictions on which Petitioner's ACCA status was based were Maine burglary offenses, under 17-A M.R.S. § 401; Petitioner committed the burglaries in

---

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[7] *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), is one of a line of cases involving the statutory interpretation of the term "burglary" as used in section 924(e)(2)(B)(ii).  *See Mathis*, 136 S. Ct. at 2247-50; *Shepard v. United States*, 544 U.S. 13, 23 (2005) ("We are, after all, dealing with an issue of statutory interpretation.") (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)).  In *Mathis*, the Supreme Court recognized the long-standing rule that a prior conviction will not qualify as a predicate "violent felony" under the ACCA unless "its elements are the same as, or narrower than, those of the generic offense." 136 S. Ct. at 2247.  The Court held that the inclusion of land, water or air vehicles, as well as buildings and structures, in Iowa's burglary statute rendered the "locational element" of the crime broader than generic burglary, which includes only buildings and structures.  136 S. Ct. at 2250.  The Supreme Court held that the Eighth Circuit erred when it affirmed the district court's use of a modified categorical approach, which had permitted a review of the record to determine the location where the burglary took place, because under the ACCA, "it is impermissible for 'a particular crime [to] sometimes count towards enhancement and sometimes not, depending on the facts of the case.'"  *Id.* at 2250-51 (quoting *Taylor*, 495 U.S. at 601).  Petitioner concedes that *Mathis* does not apply retroactively.  (Reply at 2.)  *See Mathis*, 136 S. Ct. at 2251-52 (noting that the Court's prior precedent, including *Descamps v. United States*, --- U.S. ---, ---, 133 S. Ct. 2276, 2283 (2013), indicated the rule was not new); *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3, 2016 U.S. Dist. Lexis 142354, at *6-7 (D. Me. Oct. 14, 2016); *United States v. Taylor*, --- F. App'x ---, ---, 2016 WL 7093905, at *4, 2016 U.S. App. Lexis 21701, at *12 (10th Cir. Dec. 6, 2016) (concluding that "*Mathis* did not announce a new rule," and citing, *inter alia*, *Dimott*, 2016 WL 6068114, at *3, 2016 U.S. Dist. Lexis 142354, at *6-7).

1994 and 1997, according to the revised presentence investigation report.[8]  Burglary is one

of the offenses enumerated in section 924(e)(2)(B)(ii) of the ACCA as a violent felony.

---

[8] Maine's burglary statute, 17-A M.R.S. § 401, provides in part:

> A person is guilty of burglary if:
>
> A.  The person enters or surreptitiously remains in a **structure** knowing that that person is not licensed or privileged to do so, with the intent to commit a crime therein. Violation of this paragraph is a Class C crime; or
>
> B.  The person violates paragraph A and:
>
>> (1)     The person is armed with a firearm, or knows that an accomplice is so armed.  Violation of this subparagraph is a Class A crime;
>>
>> (2)     The person intentionally or recklessly inflicts or attempts to inflict bodily injury on anyone during the commission of the burglary or an attempt to commit the burglary or in immediate flight after the commission or attempt.  Violation of this subparagraph is a Class B crime;
>>
>> (3)     The person is armed with a dangerous weapon other than a firearm or knows that an accomplice is so armed.  Violation of this subparagraph is a Class B crime.
>>
>> (4)     The violation is against a **structure that is a dwelling place**.  Violation of this subparagraph is a Class B crime.

17-A M.R.S. § 401(1) (emphasis added).  The terms "structure" and "dwelling place" are defined as follows:

> "Structure" means a building or other place designed to provide protection for persons or property against weather or intrusion, but does not include vehicles and other conveyances whose primary purpose is transportation of persons or property unless such vehicle or conveyance, or a section thereof, is also a dwelling place.

17-A M.R.S. § 2(24).

> "Dwelling place" means a structure which is adapted for overnight accommodation of persons, or sections of any structure similarly adapted.  A dwelling place does not include garages or other structures, whether adjacent or attached to the dwelling place, which are used solely for the storage of property or structures formerly used as dwelling places which are uninhabitable.  It is immaterial whether a person is actually present.

17-A M.R.S. § 2(10).  Although the relevant portions of sections 401 and 2(24) have not been amended since the time of the offenses, section 2(10) has since been amended, and, as a result, the current version of section 2(10) is different from the text quoted above.

Petitioner argues that *Mathis* overrules the First Circuit's decision in *United States v. Duquette*, 778 F.3d 314 (1st Cir. 2015), in which the Court determined that the Maine burglary statute covers the offense of generic burglary, and that a Maine burglary conviction therefore qualifies as a violent felony under the enumerated crimes clause of the ACCA.[9]  (Reply at 19-20.)  Petitioner argues that, under *Mathis*, and contrary to *Duquette*, Maine burglary must be considered broader than generic burglary, in part because the definition of "structure," as set forth in 17-A M.R.S. § 2(24), includes vehicles and conveyances, similar to the Iowa law at issue in *Mathis*.  (Reply at 6, 10-13.)  Petitioner also argues that under Maine law, the locational element of burglary is not divisible.  *See Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013) (noting that a "so-called 'divisible statute' . . . sets out one or more elements of the offense in the alternative").  (Reply at 8.)

This Court has concluded that in this circuit, *Duquette* "'establishes that Maine burglary convictions are "violent felonies" pursuant to ACCA's enumerated clause,'" even after *Mathis*.  *McCurdy v. United States*, Nos. 1:06-cr-00080-JAW, 1:15-cv-00532-JAW, 2017 WL 74695, at *5, 2017 U.S. Dist. Lexis 1947, at *12-13 (D. Me. Jan. 6, 2017) (quoting *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3, 2016 U.S. Dist. Lexis 142354, at *8 (D. Me. Oct. 14, 2016); *see Collamore*

---

[9] In *United States v. Duquette*, 778 F.3d 314 (1st Cir. 2015), the First Circuit held that "because Maine's burglary statute sets forth the definition of 'generic burglary,' under *Taylor*, a conviction under that statute qualifies as a 'violent felony' under the ACCA." 778 F.3d at 318.  In *Taylor*, the Supreme Court had announced:  "We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599.

*v. United States*, Nos. 2:10-cr-158-GZS, 2:16-cv-259-GZS, 2016 WL 6304668, at *2, 2016 U.S. Dist. Lexis 148757, at *6 (D. Me. Oct. 27, 2016); *United States v. Casey*, Nos. 2:11-cr-216-DBH, 2:16-cv-346-DBH, 2016 WL 6581178, 2016 U.S. Dist. Lexis 153085 (D. Me. Nov. 3, 2016)).[10]

Petitioner asserts that his case is distinguishable from *Dimott*, and he requests that this Court "rule on, or address whether Maine burglary meets the generic definition of burglary, even if the court ultimately concludes it is bound by *Duquette*." (Reply at 1 & n.2, 3 & n.3.)  *McCurdy*, *Dimott*, *Collamore*, *Casey* are pending on appeal in the First Circuit as to the issues Petitioner raises here.[11]  The issue regarding Petitioner's burglary convictions does not differ materially from the issue presented in *McCurdy*, *Dimott*,

---

[10] In *Dimott*, the petitioner argued that, following the Supreme Court's decisions in *Johnson II* and *Mathis*, "he no longer has the three requisite convictions for an increased sentence under ACCA," and "Maine burglary no longer fits within the generic definition of burglary because Maine's locational element is overly broad in light of *Mathis*."  *Dimott*, 2016 WL 6068114, at *2, 2016 U.S. Dist. Lexis 142354, at *4-5. The Court concluded that, [a]ssuming the Court could undertake a timely review of Dimott's predicate burglary convictions," there is "no basis for concluding that *Mathis* should be read as overruling *Duquette*. 2016 WL 6068114, at *3, 4, 2016 U.S. Dist. Lexis 142354, at *8, 9.

[11] In *McCurdy v. United States*, Nos. 1:06-cr-00080-JAW, 1:15-cv-00532-JAW, 2017 WL 74695, 2017 U.S. Dist. Lexis 1947 (D. Me. Jan. 6, 2017), the Court granted the petitioner relief on the basis that the petitioner's prior robberies "do not meet the violent force requirement of the ACCA as explained by the Supreme Court in *Johnson I* and *Johnson II*."  2017 WL 74695, at *10, 2017 U.S. Dist. Lexis 1947, at *26-27.  Consequently, the petitioner had only two predicate ACCA violent felonies, and the ACCA, because it requires three, did not apply.  The Government has appealed from the judgment, and it has moved for a stay pending the First Circuit's decision in *United States v. Mulkern* (No. 16-1146).  The appeal in *McCurdy* is docketed in the First Circuit at No. 17-1177.  The appeals in *Dimott*, *Collamore v. United States*, Nos. 2:10-cr-158-GZS, 2:16-cv-259-GZS, 2016 WL 6304668, 2016 U.S. Dist. Lexis 148757 (D. Me. Oct. 27, 2016), and *United States v. Casey*, Nos. 2:11-cr-216-DBH, 2:16-cv-346-DBH, 2016 WL 6581178, 2016 U.S. Dist. Lexis 153085 (D. Me. Nov. 3, 2016), have been consolidated for briefing and argument; they are docketed as follows: *Dimott* (No. 16-2289); *Collamore* (No. 16-2319); and *Casey* (No. 16-2368).

*Collamore*, and *Casey*.  Accordingly, I can discern no reason the issue should be resolved differently in this case.

### B.  The Maine robbery convictions

Petitioner was convicted of Class A robbery, 17-A M.R.S. § 651, in 1986 and 1989.[12]  (Response at 12; Attachments, ECF Nos. 44-1 at 5, 44-2 at 1.)  Petitioner contends that Maine robbery does not qualify as an ACCA predicate under the force clause.  (Reply at 23-25.)

---

[12] At the time of the offenses, which Petitioner committed in 1985 and 1988, according to the revised presentence investigation report, 17-A M.R.S. § 651 provided:

> 1.      A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:
>
> A.  He recklessly inflicts bodily injury on another;
>
> B.  He threatens to use force against any person present with intent
>
>> 1.  to prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking; or
>>
>> 2.  to compel the person in control of the property to give it up or to engage in other conduct which aids in the taking or carrying away of the property;
>
> C.  He uses physical force on another with the intent enumerated in paragraph B, subparagraphs (1) or (2);
>
> D.  He intentionally inflicts or attempts to inflict bodily injury on another; or
>
> E.  He or an accomplice to his knowledge is armed with a dangerous weapon in the course of a robbery as defined in paragraphs A through D.
>
> 2.      Robbery as defined in subsection 1, paragraphs A and B, is a Class B crime. Robbery as defined in subsection 1, paragraphs C, D, and E is a Class A Crime.

P.L. 1975, ch. 740, § 73.  Section 651 has since been amended, and, as a result, the current version of the statute is different from the text quoted above.

The Maine robbery statute is divisible, and therefore *Shepard*-approved documents may be presented at sentencing, when such documents are available, to enable the Court, using a modified categorical approach, to determine whether the "robbery conviction necessarily involved 'force capable of causing physical pain or injury to another person.'" *Jackson v. United States*, Nos. 2:06-cr-94-GZS, 2:16-cv-187-GZS, 2016 WL 3167073, at *1-2, 2016 U.S. Dist. Lexis 73052, at*3-4. (D. Me. June 6, 2016) (quoting *Johnson I*, 559 U.S. at 140).[13]   The Government represents that the charging instruments in Petitioner's case are not available, but it notes that because the offenses were charged as Class A crimes, the convictions necessarily were pursuant to 17-A M.R.S. § 651(1)(C), (D), or (E).  (Response at 12-13.)

In other cases in this District, the Court concluded that prior Maine robbery convictions under sections 651(1)(C) and (E) did not qualify as ACCA predicates under the force clause.  *See Jackson*, 2016 WL 3167073, at *3, 2016 U.S. Dist. Lexis 73052, at *5-6 (addressing section 651(1)(C)); *McCurdy*, 2017 WL 74695, at *9, 2017 U.S. Dist. Lexis 1947, at *24-25 (addressing section 651(1)(E)).

In *Jackson*, the Court held that a conviction under section 651(1)(C) did not qualify as an ACCA predicate because, under Maine case law, a robbery may be committed "with

---

[13] In *Taylor*, the Supreme Court adopted a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions," to determine whether a prior offense qualified as an ACCA predicate.  495 U.S. at 600.  In *Descamps*, the Supreme Court noted that in *Taylor*, it "recognized 'a narrow range of cases' in which sentencing courts−applying what we would later dub the 'modified categorical approach'−may look beyond the statutory elements to 'the charging paper and jury instructions' used in a case."  133 S. Ct. at 2283-84 (quoting *Taylor*, 495 U.S. at 602, and discussing *Shepard v. United States*, 544 U.S. 13 (2005)).

physical force that is less than the force capable of causing physical pain or injury to another person." 2016 WL 3167073, at *2-3, 2016 U.S. Dist. Lexis 73052, at *6-7 (citing *Johnson I*, 135 S. Ct. at 2557, and discussing *Raymond v. State*, 467 A.2d 161 (Me. 1983), *State v. Rembert*, 658 A.2d 656 (Me. 1995)).  The Court explained:

> Examining the *Shepard*-approved documents in Jackson's robbery case, the Court cannot conclude that the physical force Jackson used upon his victim to extract the money, which was the focus of the theft element, was necessarily force capable of causing physical pain or injury to the victim.  In short, the Court concludes that Jackson's 1998 Maine [r]obbery conviction is not an ACCA-qualifying conviction as a "violent felony" under the "force clause."

2016 WL 3167073, at *3, 2016 U.S. Dist. Lexis 73052, at *6-7 (citing 18 U.S.C. § 924(e)(2)(B)(i)).[14]

In *McCurdy*, the Court held that a conviction under section 651(1)(E) did not qualify as an ACCA predicate.  *McCurdy*, 2017 WL 74695, at *9, 2017 U.S. Dist. Lexis 1947, at *24-25.  The Court noted that the case law is unclear as to whether the degree of force required under *Johnson I*, 559 U.S. at 140, is met when the prior conviction is under section 651(1)(E).  *McCurdy*, 2017 WL 74695, at *9, 2017 U.S. Dist. Lexis 1947, at *24.  The Court reasoned that

> by its terms, the Maine statute does not require that the robber actively use the weapon to commit the robbery in order to violate section 651(1)(E), only that the robber possess it "in the course of the robbery."  [17-A M.R.S. § 651(1)(E).]  Without more, the possession of a firearm during a robbery does not therefore transform the robbery to one where the robber used "violent force" under the ACCA's force clause.

---

[14] The Government has appealed from the judgment in *Jackson v. United States*, Nos. 2:06-cr-94-GZS, 2:16-cv-187-GZS, 2016 WL 3167073, 2016 U.S. Dist. Lexis 73052 (D. Me. June 6, 2016).  The appeal is docketed in the First Circuit at No. 16-1921.

*McCurdy*, 2017 WL 74695, at *9, 2017 U.S. Dist. Lexis 1947, at *24-25.

Because the Court has established that a prior Maine robbery conviction under either section 651(1)(C) or (E) may not qualify as a predicate under the ACCA's force clause in the absence of adequate *Shepard*-approved documents, and because there are no such documents in Petitioner's case, Petitioner's prior robbery convictions do not qualify as ACCA predicate offenses.

### C. The Maine terrorizing conviction

According to the revised presentence investigation report, Petitioner was convicted of the offense of terrorizing with a weapon in 1988.  The criminal history section of the report lists the offense as one on which Petitioner's status as an armed career criminal was based.  The Government argues that the terrorizing conviction qualifies as an ACCA predicate offense under the force clause.  (Response at 17-19.)  Petitioner maintains the terrorizing conviction does not qualify.  (Reply at 25-26.)[15]

---

[15] At the time of Petitioner's conviction, 17-A M.R.S. § 210 provided:

> **1.**    A person is guilty of terrorizing if he communicates to any person a threat to commit or to cause to be committed a crime of violence dangerous to human life, against the person to whom the communication is made or another, and the natural and probable consequence of such a threat, whether or not such consequence in fact occurs, is:
>
> > **A.**  To place the person to whom the threat is communicated or the person threatened in reasonable fear that the crime will be committed; or
> >
> > **B.**  To cause evacuation of a building, place of assembly or facility of public transport.
>
> **2.**    Violation of subsection 1, paragraph A, is a Class D crime.  Violation of subsection 1, paragraph B, is a Class C crime.

P.L. 1977, ch. 510, § 45; P.L. 1977, ch. 671, §§ 23, 24.  Section 210 has since been amended, and, as a result, the current version of the statute is different from the text quoted above.

The Government concedes that a conviction under 17-A M.R.S. § 210, without more, would not qualify as a felony under the ACCA, because a violation under one of the subsections was a Class D crime punishable by less than one year in jail. (Response at 18.) The Government, however, argues that the offense is an ACCA violent felony because the sentencing class was elevated, pursuant to 17-A M.R.S. § 1252(4), due to the fact that Petitioner committed the offense with a dangerous weapon.[16]  (*Id.*)

For an offense to qualify as a violent felony under the force clause, it must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "'Elements' are the 'constituent parts' of a crime's legal definition−the things the 'prosecution must prove to sustain a conviction.'" *Mathis*, 136 S. Ct. at 2248. (quoting Black's Law Dictionary 634 (10th ed. 2014)). The Court looks to state law to determine the elements of the offense of conviction. *See United States v. Tavares*, 843 F.3d 1, 12 (1st Cir. 2016) (noting that "[t]he substantive definition of [assault and battery with a dangerous weapon] . . . is supplied by case law applying the crime's common law definition") (citing, inter alia, *Commonwealth v. Porro*, 458 Mass. 526, 939 N.E.2d 1157, 1162 (2010)); *United States v. Whindleton*, 797 F.3d 105, 112 (1st Cir. 2015) ("'The crime of [assault with a dangerous weapon] adds one additional element, namely, that the assault was perpetrated by means of a dangerous weapon.'")

---

[16] Section 1252(4) provides in pertinent part: "If the State pleads and proves that a Class B, C, D or E crime was committed with the use of a dangerous weapon then the sentencing class for such crime is one class higher than it would otherwise be." (*Id.*) Thus, if a terrorizing conviction were pursuant to 17-A M.R.S. § 210(1)(A), the sentencing class would be elevated from Class D to Class C, and if a conviction were pursuant to section 210(1)(B), the sentencing class would be elevated from Class C to Class B.

(quoting *Commonwealth v. Melton*, 436 Mass. 291, 763 N.E.2d 1092, 1096 (2002)).  The Maine Law Court evidently considers the use of a dangerous weapon in the commission of a crime, pursuant to 17-A M.R.S. § 1252(4), to be an element of the crime.  *See State v. Kline*, 2013 ME 54, ¶ 10, 66 A.3d 581 (noting that "the evidence was sufficient for the jury to have rationally found each element of the offense beyond a reasonable doubt," and citing 17-A M.R.S. §§ 211(1), 1252(4)).

The analysis of whether Petitioner's prior offense of terrorizing with a dangerous weapon qualifies as an ACCA offense is similar to the analysis in *Whindleton*, in which the First Circuit concluded that on a conviction for assault with a dangerous weapon, the dangerous-weapon component of the crime comprised an element of the offense under Massachusetts law.  *Whindleton*, 797 F.3d at 113 ("The statute can be understood as having two elements: the attempted or threatened battery (simple assault) and the use of a dangerous weapon.") (citing *Melton*, 763 N.E.2d at 1096).  The First Circuit determined that the Massachusetts statute met the ACCA requirement of force because the statute applied when the crime was accomplished "by means of," i.e., through the use of, a dangerous weapon.  *Id.* at 113-14.

Petitioner argues that the offense of terrorizing under 17-A M.R.S. § 210 is not an ACCA violent felony under the force clause, because section 210 provides that an evacuation is one of two alternate "natural and probable consequence(s)" that may be proven, and the statute does not require that the evacuation itself occur under an additional threat of violence.  (Reply at 25.)

Petitioner's argument fails. "[A] threat to commit or to cause to be committed a crime of violence to human life," when committed with a dangerous weapon, meets the ACCA force clause requirement, regardless of whether the conduct places "the person to whom the threat is communicated or the person threatened in reasonable fear that the crime will be committed," under 17-A M.R.S. § 210(1)(A), or results in an "evacuation of a building, place of assembly or facility of public transport," under 17-A M.R.S. § 210(1)(B). In other words, Petitioner's conduct, rather than the consequence of the conduct, is the relevant element on which the Court must focus to determine whether the offense constitutes an ACCA violent felony. Thus, a conviction for terrorizing with a dangerous weapon, regardless of whether it is under section 210(1)(A) or 210(1)(B), satisfies the ACCA's force clause requirement.

## III.   CONCLUSION

Based on the foregoing analysis, Petitioner has at least three qualifying convictions under ACCA. I recommend, therefore, that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court grant a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases. [17]

---

[17] Because the Court issued a certificate of appealability on the burglary issues raised in *McCurdy*, *Dimott*, *Collamore*, *Casey*, it is appropriate to issue one here as well. The issues are (1) whether the retroactive application of *Johnson II* permits re-examination of prior crimes that are predicates under the enumerated crimes clause of 18 U.S.C. § 924(e); and (2) whether *Mathis* overrules *Duquette*. *See McCurdy*, 2017 WL 74695, at *5, 2017 U.S. Dist. Lexis 1947, at *14; *Dimott*, 2016 WL 6068114, at *4, 2016 U.S. Dist. Lexis 142354, at *11-12; *Collamore*, 2016 WL 6304668, at *3, 2016 U.S. Dist. Lexis 148757, at *6-7; (*Casey*, No. 2:11-cr-00216-DBH, ECF No. 78 (Order Issuing Certificate of Appealability).)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of March, 2017.